UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID McCLURE | CIVIL ACTION NO. 07-1125-LC |
| VS. | SECTION P |
| TERRY TERRELL, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

In a pleading filed with the court, plaintiff has requested court-appointed counsel to assist him with the above-captioned civil rights matter. [doc. 6].

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. The United States Supreme Court in the case of *Mallard v. United States District Court for the Southern District*, 109 S.Ct. 1814 (1989), held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) with the authority to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *see Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States

Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors:

1. the type and complexity of the case;

2. the petitioner's ability to adequately present and investigate his case;

3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination;

4. the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination."

*see Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, (citations omitted), and *Jackson,* 864 F.2d. at 1242.

Additionally, the court can consider whether the plaintiff has demonstrated the inability to secure private counsel on his own behalf. *see Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.

In support of this request, plaintiff states that his medical condition prevents him from prosecuting his matter, and that he is unable to afford counsel. [Doc. 6, p. 4].

Although the court acknowledges plaintiff's alleged physical limitation, his request for appointment of counsel in this matter should nevertheless be denied at the present time as the allegations contained in the motion do not demonstrate "exceptional circumstances" which would warrant the appointment of counsel. The plaintiff's claims are typical of those asserted in prisoner civil rights litigation, and the legal issues involve the application of established principles. Plaintiff's primary responsibility will involve relating the facts surrounding his claims to the court, and Plaintiff has first hand knowledge of the facts about which he complains.

Additionally, the court notes that there is no indication that Plaintiff has attempted to find counsel for himself. Plaintiff's indigency does not excuse him from trying to procure counsel for himself. Any attorney who would be appointed to aid a civil rights plaintiff would not be paid by

the government for his or her services. The attorney would be performing *pro bono* work if the plaintiff could not pay him or her. In light of this, the court finds that the plaintiff is obligated to seek counsel on his own behalf before the court considers appointing an attorney. *see Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989).

This court finds that the motion for appointment of counsel should be denied at the present time as the plaintiff has not demonstrated "exceptional circumstances" which would warrant the appointment of counsel, and he has failed to take any action on his own behalf.

ACCORDINGLY,

IT IS ORDERED that plaintiff's motion for appointment of counsel be DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 17, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE